UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAUREN WRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CALIFORNIA DEPT. OF PUBLIC HEALTH,<br><br>　　　　　Defendant(s). | Case No. CV 17-6377-SJO (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Jeffrey Lauren Wright ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint against defendant California Department of Public Health ("Defendant"). ECF Docket No. ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **PROCEDURAL HISTORY**

On August 29, 2017, Plaintiff filed the Complaint against Defendant. Dkt. 1, Compl. at 1. In the Complaint, Plaintiff seeks "a court order to receive a California birth certificate or informational copy birth certificate" from Defendant. Id. at 3. Plaintiff purports to set forth the following four causes of action: (1) "Federal

Question: Other Civil Rights" under 28 U.S.C. § 1331; (2) "Civil Rights Act" under 42 U.S.C. § 1983; (3) "Freedom of Information Act" under 5 U.S.C. § 552; and (4) "Civil Rights" under 42 U.S.C. § 1983. Id. at 5-8.

### III.

### **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to

2

state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///

# IV.

# DISCUSSION

## A. PLAINTIFF FAILS TO STATE A CIVIL RIGHTS CLAIM AGAINST DEFENDANT

A plaintiff seeking to state a claim for civil rights violations under 28 U.S.C. § 1983 ("Section 1983") "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citations omitted).

Here, Plaintiff sues Defendant for civil rights violations under Section 1983.[1] However, Plaintiff fails to set forth sufficient facts establishing a violation of his rights under the Constitution or laws of the United States. In fact, Plaintiff does not even identify which specific right he claims was allegedly violated. Moreover, while Plaintiff appears to seek an order compelling Defendant to provide a copy of his birth certificate, Plaintiff fails to allege facts establishing (1) Plaintiff has sought or requested his birth certificate from Defendant, and (2) Defendant has denied his request. Thus, it is unclear whether Plaintiff has suffered a harm as required for standing to bring *any* legal action against Defendant. Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016) ("Plaintiff must have . . . suffered an injury in fact" in order to have standing). Hence, because Plaintiff fails to allege the violation of a right secured by the Constitution and laws of the United States, Plaintiff's civil rights claims must be dismissed.

---

[1] While Plaintiff purports to also set forth a civil rights cause of action under 28 U.S.C. § 1331 ("Section 1331"), Section 1331 simply states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and does not confer any independent cause of action.

**B.  PLAINTIFF FAILS TO STATE A FOIA CLAIM AGAINST DEFENDANT**

The Freedom of Information Act ("FOIA") provides for the mandatory disclosure of information held by federal agencies, unless the information is exempt from disclosure under specific provisions set forth in FOIA. <u>NLRB v. Robbins Tire & Rubber Co.</u>, 437 U.S. 214, 220-21, 98 S. Ct. 2311, 2316, 57 L. Ed. 2d 159 (1978); <u>see also</u> 5 U.S.C. § 552.

Here, Plaintiff sues Defendant under FOIA.  However, FOIA applies only to federal agencies.  <u>5 U.S.C. § 552</u>; <u>see also</u> <u>Armstrong v. Exec. Office of the President</u>, 90 F.3d 553, 569 (D.C. Cir. 1996).  Hence, because Defendant is a state agency, Plaintiff's FOIA claim must be dismissed.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.      Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the

claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

///
///
///
///
///

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: September 20, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge